IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ELIZABETH INMAN, | : | Case No. 3:12-cv-72 |
| Plaintiff, | : | District Judge Timothy S. Black<br>Magistrate Judge Michael J. Newman |
| vs. | : | |
| COMMISSIONER OF<br>SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED FOR AN IMMEDIATE AWARD OF BENEFITS; (3) THE COMMISSIONER'S MOTION FOR A VOLUNTARY REMAND (DOC. 10) BE DENIED; AND (4) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal brought pursuant to 42 U.S.C. §405(g), which is presently before the Court for the second time since 2011.

**I.**

The procedural history of this matter is as follows: On May 3, 2011, Judge Rose reversed the Commissioner's non-disability finding and ordered remand to the Commissioner under Sentence Four[2] for further administrative proceedings. *Inman v. Astrue*, No. 3:10-cv-181, 2011 U.S. Dist. LEXIS 47568 (S.D. Ohio May 3, 2011) (doc. 15). The basis of the remand was Administrative Law Judge ("ALJ") Thomas McNichols's failure to properly weigh the opinion of Plaintiff's treating physician, Paul Nitz, M.D. *Id.,* doc. 14.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

[2] A remand under Sentence Four is appropriate where the ALJ's analysis is unsupported by substantial evidence, and a reversal of the ALJ's decision (for remand back to the ALJ for further proceedings) is warranted. *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).

-1-

On December 5, 2011 and following the remand, a second administrative hearing was held before ALJ McNichols. Thereafter, ALJ McNichols issued a partially favorable decision, finding Plaintiff disabled as of July 14, 2009 based upon an application of the Medical-Vocational Guidelines (the "Grid") given her advanced age, high school education, and unskilled work experience. *See* PageID 415-16; Grid Rule 202.04, Appendix 2 to Subpart P, Part 404. Nevertheless, the ALJ found Plaintiff "not disabled" between April 1, 2005 (Plaintiff's alleged disability onset date) and July 13, 2009 based upon his determination that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of "medium" work. [3] PageID 415-16.

On March 5, 2012, Plaintiff initiated the instant action on the grounds that ALJ McNichols, on remand, had again failed to adequately consider the opinion of Dr. Nitz. Docs. 2, 8. This new case (No. 3:12-cv-72) was assigned to Judge Black and Magistrate Judge Newman. Instead of filing a memorandum in opposition to Plaintiff's Statement of Specific Errors, the Commissioner, on September 10, 2012, filed a motion to voluntarily remand this matter back to the ALJ under Sentence Four and in order to provide the ALJ with a third opportunity to analyze and appropriately consider Dr. Nitz's findings. Doc. 10. Thereafter, the Court held a telephone status conference with counsel for both sides and ordered briefing on the issue of whether an immediate award of benefits is warranted here instead of a remand for additional administrative proceedings. *See* doc. 11.

---

[3]"Medium" work, as defined by 20 C.F.R. § 416.967, involves occasional lifting 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. Medium work can require standing and walking as much as six hours during any given eight-hour workday. PageID 412. It may also involve frequent stooping, grasping, holding, and turning objects. *Id*. (citing 20 C.F.R. § 404.1567(c)).

There is no dispute, and the Commissioner concedes, that the ALJ's most recent non-disability finding is unsupported by substantial evidence. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record"). To that end, the Commissioner acknowledges that ALJ McNichols failed to analyze treater Nitz's opinion as required by both this Court's prior Remand Order and by controlling Social Security regulations. *See* doc. 10. Nevertheless, the Commissioner argues that the proper remedy is to remand the matter back to ALJ McNichols yet again for additional administrative proceedings. Docs. 10, 13. Plaintiff, however, argues that an immediate award of benefits is warranted because the evidence in favor of her disability is overwhelming. Docs. 12, 14.

The only issue before the Court, therefore, is to determine the appropriate remedy -- *i.e.* whether to remand for additional administrative proceedings, or to remand for an immediate award of benefits. *See Melkonyan*, 501 U.S. at 100.

This matter, having fully been briefed by the parties, is now ripe for Report and Recommendation.

## II.

Plaintiff's medical history was adequately summarized in her Statement of Errors, *see* doc. 8 at PageID 585-89, and in both of the ALJ decisions. PageID 60-65; 409-16. As such, the Court will not fully repeat that history here. Nevertheless, a brief discussion of Plaintiff's medical history regarding her left shoulder -- her primary medical impairment -- is necessary to provide context to the Court's analysis herein.

Plaintiff has had two surgeries on her left shoulder. On April 1, 2005, at the age of 58, she underwent a rotator cuff repair of her left shoulder. PageID 305. On February 10, 2006, at the age of 59, she underwent an arthroscopic capsular release of the glenohumeral joint, with manipulation, rotator cuff decompression, and rotator cuff repair of the same shoulder. PageID 226-27. Dr. Nitz, an orthopedic surgeon, performed both surgeries.

Plaintiff began seeing Dr. Nitz in July 2004. As part of her initial examination, he ordered an MRI, which revealed that Plaintiff had a "significant injury of the rotator cuff to include what appears to be a partial thickness tear to near full thickness tear." PageID 307. Dr. Nitz diagnosed Plaintiff with having a rotator cuff impingement, a degenerative labral tear, and a rotator cuff tear supraspinatus tendon. PageID 305.

Dr. Nitz's treatment notes in the months following the first rotator cuff surgery reflect Plaintiff's recovery regimen, but consistently note her inability to fully recover from the procedure. For instance, in August 2005, Dr. Nitz noted that although Plaintiff reported seeing a "progressive improvement with her range of motion and comfort…she does still have a sharp discomfort with reaching out and abduction occasionally." PageID 300. On October 10, 2005, Dr. Nitz noted that Plaintiff "reports continuing to see some improvements with regards to her shoulder, but she is still having a lot of discomfort with abduction and stretches. This has been bothering her for quite some time and also has some restriction noted about the terminal ends of motion." PageID 298. Dr. Nitz also noted Plaintiff's decreased range of motion to approximately 120 degrees of forward flexion and approximately 90 to 100 degrees of abduction. *Id.*; *cf.* PageID 253 (noting normal shoulder flexion of 180 degrees, and abduction of 180 degrees).

On October 31, 2005, Dr. Nitz reported MRI findings "which demonstrated Plaintiff does indeed have a rotator cuff tear involving the mid portion of the supraspinatus tendon. This is in a location that appears medial to her previous repair." PageID 297. Dr. Nitz further noted that "[w]ith her present difficulties with pain, and her inability to return to work with her present shoulder status, we will give her a note that has her restricted from returning to work. We will also try to get arrangements made for her to have a repeat shoulder arthroscopy with repair of the rotator cuff." *Id*.

On February 1, 2005, Dr. Nitz examined Plaintiff and found that her left shoulder had a limited range of motion. PageID 296. Specifically, he found her forward flexion was approximately 120 degrees, and her ability to reach was approximately 90 degrees. *Id*. Dr. Nitz diagnosed Plaintiff as having a "retear" of her left rotator cuff. PageID 295.

On February 10, 2006, Dr. Nitz performed a second surgical procedure on Plaintiff's left shoulder to repair her rotator cuff. PageID 226-27; 294. Upon discharge, he ordered Plaintiff to use a shoulder immobilizer for six weeks, and started her on a progressive rehabilitation regimen. PageID 294. In the months following the surgery, Dr. Nitz consistently reminded Plaintiff to be protective of her shoulder. PageID 290-92.

During a follow-up visit on September 7, 2006, Dr. Nitz noted Plaintiff's significant struggle to fully recover from the two surgical procedures. PageID 289. Dr. Nitz further noted that, "I am concerned about the status of her rotator cuff. I am going to have her hold off on returning to work at this time while we get a repeat MRI of her shoulder…. Estimated return to work will be sometime thereafter, after we have had an opportunity to evaluate the shoulder." *Id*.

On September 25, 2006, Dr. Nitz evaluated Plaintiff's MRI and opined that Plaintiff must remain protective of her left shoulder given the multiple tears to her rotator cuff. PageID 288. He also noted:

> I believe she is best to be limited specifically in terms of no work above shoulder height, no climbing or crawling, and no lifting greater than 10 to 15 pounds and certainly no repetitive pushing or pulling. This should be in effect until she is at least one year postoperative which would be February of 2007. If she is able to do work without having to stress her shoulder, I feel she is okay to progress with that.

*Id.*

### III.

Plaintiff argues that she is entitled to a remand for an immediate award of benefits because the proof of her disability between April 1, 2005 and July 13, 2009 is overwhelming, and opposing evidence is lacking. The Court agrees.

When, as here, the non-disability determination is unsupported by substantial evidence, the Court must decide whether to reverse the ALJ and remand the matter for rehearing, or reverse and grant benefits. *Melkonyan*, 501 U.S. at 100. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g).

Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176.

The evidence of record strongly establishes that Plaintiff did not have the RFC to perform anything greater than "light" work between April 1, 2005 and July 13, 2009. This evidence includes, *inter alia,* the treatment records of Dr. Nitz; the MRIs confirming tears of Plaintiff's left rotator cuff; the two surgeries to repair the rotator cuff tears; Dr. Nitz's written opinion -- that Plaintiff was limited to a lifting weight restriction of 10 to 15 pounds; the Vocational Expert's testimony that such a lifting weight restriction would preclude all jobs at the "medium" level, *see* PageID 101-102; and Plaintiff's testimony -- that she can only lift 8 to 10 pounds, *see* PageID 445. The Court thus finds the evidence of Plaintiff's disability is indeed overwhelming, especially given the Grid, which dictates a finding of "disabled" if Plaintiff is limited to "sedentary" or "light" jobs. *See* Grid Rule 202.04, Appendix 2 to Subpart P, Part 404.

The only evidence contrary to such a finding is the physical RFC assessment completed by Charles Derrow, M.D. on August 4, 2006. PageID 412-13. (This is the evidence upon which ALJ McNichols relied to find Plaintiff not disabled. Page ID 413-14.) Dr. Derrow, a non-examining physician, found Plaintiff -- at age 60, and within six months of a second surgery to repair her twice-torn left rotator cuff -- had the ability to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, and crawl without limitation. PageID 275-82. Such an assessment is not well-reasoned, and is contradicted by the totality of the other evidence of record, including treater Nitz's opinion -- offered less than two months later -- that Plaintiff was limited to lifting no more than 10 to 15 pounds. *See* PageID 288.

Accordingly, the Court finds that proof of Plaintiff's disability between April 1, 2005 and July 13, 2009 is overwhelming, and that a remand for additional administrative proceedings would serve no other purpose than delay. *See Faucher*, 17 F.3d at 176. Therefore, the proper remedy here is to remand for an immediate award of benefits. *See id.*

## IV.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's most recent non-disability finding (for the period of April 1, 2005 through July 13, 2009) be found unsupported by substantial evidence, and **REVERSED** under Sentence Four of 42 U.S.C. § 405(g)**;**

2. This matter be **REMANDED** to the Commissioner for an immediate award of benefits consistent with this opinion;

3. The Commissioner's motion for a voluntary remand (doc. 10) be **DENIED**; and

4. This case be **CLOSED**.

December 14, 2012                                             **s/Michael J.  Newman**
                                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).