UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH INMAN, | : | Case No. 3:12-cv-72 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael J. Newman |
| vs. | : | |
| | : | |
| MICHAEL J. ASTRUE, COMMISSIONER | : | |
| OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY:**
**(1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE**
**MAGISTRATE JUDGE IN ITS ENTIRETY (Doc. 15);**
**(2) REVERSING THE COMMISSIONER'S DECISION**
**THAT PLAINTIFF WAS NOT DISABLED;**
**(3) REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS;**
**(4) DENYING COMMISSIONER'S MOTION FOR VOLUNTARY REMAND**
**(DOC. 10); AND (5) TERMINATING THIS CASE**

Plaintiff Elizabeth Inman commenced action in this Court pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security denying her application for Social Security benefits.  On December 14, 2012, Magistrate Judge Michael J. Newman entered a Report and Recommendations recommending that the Commissioner's non-disability determination be reversed as not supported by substantial evidence, that the case be remanded for an immediate award of benefits, and that this case be terminated.  (Doc. 15).  Neither party filed objections to the Report and Recommendations of the Magistrate Judge and the time for doing so has expired.  Accordingly, this case is now ripe for final decision by the Court.

In reviewing this case, the Court's function is to first determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a judgment as a matter of law if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988) (citing *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)).

Next, the Court must determine whether the ALJ applied the correct legal criteria. *Bowen*, 478 F.3d at 745-46. This judicial inquiry may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Id*. at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Id*. (citing in part *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In the absence of objections by either party, and based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. 15), as well as upon a *de novo* review of this case, the Court: (1) **ADOPTS** the

Report and Recommendations of the Magistrate Judge (Doc. 15) in its entirety;

(2) **REVERSES** the ALJ's non-disability finding; (3) **REMANDS** this case for an immediate award of benefits consistent with the opinion of the Magistrate Judge;

(4) **DENIES** the Commissioner's Motion for Voluntary Remand (Doc. 10); and

(5) **TERMINATES** this case on the Court's docket.

    **IT IS SO ORDERED**.


Date:  <u>1/2/13</u>                                <u>*s/ Timothy S. Black*</u>
                                                           Timothy S. Black
                                                           United States District Judge